UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER CONRAD SUAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05756-HSG<br><br>**ORDER SCREENING AMENDED COMPLAINT; RESETTING BRIEFING SCHEDULE** |

Plaintiff, a California prisoner incarcerated at California State Prison – Solano, filed this *pro se* civil rights action under 42 U.S.C. § 1983, claiming that prison officials violated his constitutional rights when he was previously housed at Pelican Bay State Prison ("PBSP"). After reviewing Plaintiff's initial complaint, the Court ordered partial service of the complaint and dismissed certain defendants with leave to amend. Docket No. 9. Plaintiff has filed an amended complaint (Docket No. 13), which is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Procedural Background**

On April 29, 2016, the Court reviewed Plaintiff's initial complaint. The Court found that liberally construed, Plaintiff's allegations in the complaint stated an Eighth Amendment claim against the following defendants: California Department of Corrections and Rehabilitation ("CDCR") Secretary Beard, PBSP captain Melton, PBSP lieutenants Bradley, and Harlan; PBSP sergeants Silva, Crandall, Northrup, Drowner, and Dayton (or Dalton); and PBSP correctional officers Healy, Partida, Lee, Davis, Shafter, Rosalez, Flud, Wilks, Francisco, Rodriguez, Kreth, Mattingly, Durham, Chavez, Maldando, Contreras, Yancy, Garcia, Anaya, Bolten, Bower, Pennington, Moua, Cavazos, Ysiano, Anguilo, Tucker, Gomez, Whiteside, Bradford, Skraggs, Kennosen, Love, Hendrix, Gibbons, Miller, Johnson, Tunnel, Crowwell, Grady, Saragh, Kellog, Fernandez, Hughley, Coulson, Casaca, Ram, Joseph, Adaza, Brake, Cuasay, Broom, Mendoza, Sanchez, Hayes, Bumbee (or Bumby), Rivera, Reed, and Hurley. Docket No. 9 at 7. The Court ordered service upon these defendants. *Id.* at 9. The Court dismissed defendants CDCR Director Stainer, CDCR Director Harrington, PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP

Chief Deputy Administrator Puget, and PBSP Capt. Parry because Plaintiff had not pled facts indicating that these defendants were personally involved in the deprivation of his civil rights, or otherwise liable under § 1983. *Id.* at 5. Plaintiff was granted leave to amend his claims against Director Stainer, Director Harrington, PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Capt. Parry. *Id.* at 5 and 8.

**C.  Amended Complaint**

    **1.  Allegations**

According to the amended complaint, the CDCR recently instituted security/welfare checks in all administrative segregation units ("ASUs"), psychiatric service units ("PSUs"), security housing units ("SHUs"), and condemned housing units. Docket No. 13 ("Am. Compl.") at 3. On August 2, 2105, the security/welfare checks started at PBSP SHU. Am. Compl. at 7. Plaintiff alleges that these security/welfare checks create "excessive and loud noise" for ten to fifteen minutes every half hour, twenty-four hours a day, seven days a week. Am. Compl. at 10. The noise prevents Plaintiff from sleeping longer than thirty minutes, day or night, and causes him mental and physical suffering, including dizzy spells, severe headaches, body pains, depression, and stress. Am. Compl. at 10. In addition, certain correctional officers deliberately conducted their security/welfare checks in a manner that created excessive noise. Am. Compl. at 11.

    **2.  Federal Claims**

Plaintiff alleges that the security/welfare checks constitute cruel and unusual punishment, in violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Ninth Circuit has held that public conceptions of decency inherent in the Eighth Amendment require that inmates be housed in an environment that is reasonably free of excessive noise. *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (quoting *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1397,

3

1410 (N.D. Cal. 1984), *aff'd in part, rev'd in part on other grounds*, 801 F.2d 1080, 1110 (9th Cir. 1986)) (plaintiff's allegations that, for six months in a maximum security cell, "at all times of day and night inmates were 'screaming, wailing, crying, singing and yelling,' often in groups, and that there was a 'constant, loud banging'" were sufficient to defeat defendants' summary judgment motion). Liberally construed, Plaintiff's allegations regarding the excessive noise caused by the security/welfare checks state a cognizable Eighth Amendment claim. The question is whether Plaintiff's allegations state a claim that each named defendant caused the alleged constitutional violation.

Liberally construed, Plaintiff's allegation that, from September 10, 2015 through December 3, 2015, PBSP sergeants Northrup, Drowner, and Dayton (or Dalton) and PBSP correctional officers Healy, Partida, Lee, Davis, Shafter, Rosalez, Flud, Wilks, Francisco, Rodriguez, Kreth, Mattingly, Durham, Chavez, Maldando, Contreras, Yancy, Garcia, Anaya, Bolten, Bower, Pennington, Moua, Cavazos, Ysiano, Anguilo, Tucker, Gomez, Whiteside, Bradford, Skraggs, Kennosen, Love, Hendrix, Gibbons, Miller, Johnson, Tunnel, Crowwell, Grady, Saragh, Kellog, Fernandez, Hughley, Coulson, Casaca, Ram, Joseph, Adaza, Brake, Cuasay, Broom, Mendoza, Sanchez, Hayes, Bumbee (or Bumby), Rivera, Reed, and Hurley conducted their security/welfare checks in a manner that "directly caused and contributed to the denial of sleep and excessive loud noise," Am. Compl. at 11–13, states a cognizable Eighth Amendment claim. These defendants have already been served pursuant to the Court's April 29, 2016 Order of Partial Service. *See* Docket Nos. 9 and 12.

Liberally construed, Plaintiff also states a cognizable Eighth Amendment claim against PBSP sergeants Silva and Crandall; PBSP lieutenants Harlan and Bradley; PBSP captain Melton; Chief Voong; and Appeals Examiner Lee for their role in reviewing and rejecting his requests that the security/welfare checks cease. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help). PBSP sergeants Silva and Crandall; PBSP lieutenants Harlan and Bradley; and PBSP captain Melton have already been served pursuant to the Court's April 29, 2016 Order of Partial Service. *See* Docket Nos. 9 and 12. The Court will

order service on Chief Voong and Appeals Examiner Lee.

Plaintiff also names Sgt. Molina as a defendant. Plaintiff alleges that on November 17, 2015, he submitted a CDCR Form 22 addressed to Chief Deputy Puget, requesting an end to the security/welfare checks. Am. Compl. at 16. Plaintiff alleges that Sgt. Molina violated his constitutional rights when he blocked the Form 22 as duplicative, thereby preventing the Form 22 from reaching Chief Deputy Puget. An Eighth Amendment violation requires *inter alia* that the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. Plaintiff alleges no facts that indicate that Sgt. Molina blocked the November 17, 2015 CDCR Form 22 in order to violate Plaintiff's constitutional rights. Given Plaintiff's allegation that he had submitted multiple CDCR Form 22s requesting an end to the security/welfare checks, *see* Am. Compl. at 14–16, Sgt. Molina's rejection of Plaintiff's November 17, 2015 CDCR Form 22 as duplicative appears to be reasonable. Accordingly, Sgt. Molina is dismissed from this action with leave to amend to correct the identified deficiency if Plaintiff can truthfully do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir.2000) (en banc) (district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

Finally, Plaintiff again names Director Stainer, Director Harrington, PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Capt. Parry as defendants. However, he has failed to correct the deficiency identified in his initial complaint. Plaintiff's amended complaint does not identify how defendants were personally involved in the constitutional deprivation, either by knowingly directing their subordinates to violate Plaintiff's constitutional rights by conducting security/welfare checks, or by knowingly turning a blind eye to the adverse effects of the security/welfare checks. *Cf. OSU Student Alliance v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012) ("[supervisor-defendant] is liable for prisoner abuse perpetrated by his subordinates if he knowingly turns a blind eye to the abuse"). Plaintiff alleges that PBSP was the last state prison to implement the security/welfare checks; inmates in other prisons had submitted grievances regarding the security/welfare checks; and there had been media coverage and protests outside the prison regarding the adverse effects of the security/welfare checks. Am. Compl. at 7

and 13. However, these allegations do not show that Director Stainer, Director Harrington, PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Capt. Parry had knowledge of the adverse effects of the security/welfare checks. For example, it seems unlikely that PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Capt. Parry would review inmate complaints originating from other prisons. Similarly, there is no indication that these defendants regularly reviewed media coverage of prison policies. Plaintiff's conclusory and speculative allegations regarding Director Stainer, Director Harrington, PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Capt. Parry's knowledge of the adverse effects of the security/welfare checks are insufficient to state a claim for § 1983 liability. *Cf. Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Plaintiff has failed to address the deficiency in his claims against PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Capt. Parry. Accordingly, the Court concludes that the deficiencies cannot be cured by further amendment. *See Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (if litigant files amended pleading which fails to cure the defects identified by the court, then court may conclude that deficiencies cannot be cured by further amendment and need not afford the litigant an additional opportunity to amend). PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Capt. Parry are DISMISSED from this action with prejudice.

### 3. State Law Claims

Plaintiff alleges that the security/welfare checks constitute cruel and unusual punishment, in violation of Article I, Section 17 of the California Constitution; in violation of section 2652 of the California Penal Code; and in violation of California tort laws against negligence and against the negligent infliction of mental and emotional distress. The Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

6

Constitution." 28 U.S.C. § 1367(a). The Court will retain jurisdiction over all of Plaintiff's state law claims that are related to his claim that the security/welfare checks violate the Eighth Amendment, except for Plaintiff's claim that the security/welfare checks violate section 2652 of the California Penal Code. The Court DISMISSES with prejudice Plaintiff's claim that the security/welfare checks violate section 2652 of the California Penal Code for the following reason. Section 2652 prohibits mistreatment of prisoners, and a violation of section 2652 is a misdemeanor. Cal. Penal Code § 2652. A private right of action under a criminal statute has rarely been implied. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Chrysler Corp.*, 441 U.S. at 316 (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)). There is no indication that civil enforcement of section 2652 is available to Plaintiff. *Cort*, 422 U.S. at 79–80; *Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n*, 739 F.2d 1467, 1469–70 (9th Cir. 1984).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. CDCR Director Stainer, CDCR Director Harrington, PBSP Warden Ducart, PBSP Associate Warden Bell, PBSP Chief Deputy Administrator Puget, and PBSP Captain Parry are DISMISSED from this action with prejudice.

2. Plaintiff's claim that Defendants have violated section 2652 of the California Penal Code is DISMISSED with prejudice.

3. Sgt. Molina is DISMISSED from this action with leave to amend. If Plaintiff choses to amend his claims against Sgt. Molina, he must file an amended complaint within thirty (30) days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (15-5756 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The Clerk of the Court shall send Plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to

1  present and all of the defendants he wishes to sue, including the claims that have been found

2  cognizable and the defendants that have been ordered served.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963

3  F.2d 1258, 1262 (9th Cir. 1992).

4   If Plaintiff fails to file a proper amended complaint within the designated time, the

5  amended complaint (Docket No. 13) shall continue as the operative complaint, and the instant

6  action will proceed against the defendants named below.

7   4. Plaintiff has stated cognizable claims against the following defendants: Secretary

8  Beard; Chief Voong; Appeals Examiner Lee; PBSP captain Melton; PBSP lieutenants Bradley and

9  Harlan; PBSP sergeants Silva, Crandall, Northrup, Drowner, and Dayton (or Dalton); and PBSP

10  correctional officers Healy, Partida, Lee, Davis, Shafter, Rosalez, Flud, Wilks, Francisco,

11  Rodriguez, Kreth, Mattingly, Durham, Chavez, Maldando, Contreras, Yancy, Garcia, Anaya,

12  Bolten, Bower, Pennington, Moua, Cavazos, Ysiano, Anguilo, Tucker, Gomez, Whiteside,

13  Bradford, Skraggs, Kennosen, Love, Hendrix, Gibbons, Miller, Johnson, Tunnel, Crowwell,

14  Grady, Saragh, Kellog, Fernandez, Hughley, Coulson, Casaca, Ram, Joseph, Adaza, Brake,

15  Cuasay, Broom, Mendoza, Sanchez, Hayes, Bumbee (or Bumby), Rivera, Reed, and Hurley.

16   5. The Clerk of the Court shall issue summons and the United States Marshal shall

17  serve, without prepayment of fees, a copy of the amended complaint (Docket No. 13), and a copy

18  of this order upon the following defendants: **Chief Voong and Appeals Examiner Lee at Pelican**

19  **Bay State Prison, P.O. Box 7500, Crescent City, CA 95532**.  The Clerk shall also mail a

20  courtesy copy of the amended complaint (Docket No. 13) and this order to the California Attorney

21  General's Office.  The remaining defendants have already been served.

22   6. In order to expedite the resolution of this case, the Court resets the briefing

23  schedule as follows:

24   a. No later than **91 days** from the date this Order is filed, defendants must file

25  and serve a motion for summary judgment or other dispositive motion.  If defendants are of the

26  opinion that this case cannot be resolved by summary judgment, defendants must so inform the

27  Court prior to the date the motion is due.  A motion for summary judgment also must be

28  accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what

is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.        Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.        Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

7.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

9

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

8. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

//
//
//
//

1  12. Plaintiff is cautioned that he must include the case name and case number for this
2  case on any document he submits to the Court for consideration in this case.
3  **IT IS SO ORDERED.**
4  Dated: 6/6/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge