UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER CONRAD SUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | No. 2:18-cv-0340 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through counsel with an action under 42 U.S.C. § 1983. This case concerns the use of the Guard One security check system at Pelican Bay State Prison ("PBSP"). The court related this case to five other cases involving use of the Guard One system in California prisons: Mathews v. Holland, No. 1:14-cv-1959 KJM DB P; Murillo v. Holland, et al., No. 1:15-cv-0266 KJM DB P; Wilson v. Beard, et al., No. 1:15-cv-1424 KJM DB P; Rico v. Beard, et al., No. 2:17-cv-1402 KJM DB P; and Lipsey v. Norum, et al., No. 2:18-cv-0362 KJM DB P.[1] In addition, these Guard One cases have been related to the class action Coleman v. Newsom, No. 2:90-cv-0520 KJM DB P. The Guard One system was implemented in the prisons pursuant to an order issued in Coleman.

////

---

[1] Counsel recently filed a notice of a seventh related case: Harris v. Sexton, No. 1:18-cv-0080 DAD SAB P. The court has not yet related Harris to the other Guard One cases.

1

In Rico, the district court considered defendants' motion to dismiss based on, among other things, qualified immunity. On March 5, 2019, the court held that qualified immunity protects the high level supervisory defendants from that suit but that the remaining defendants, those who reviewed plaintiff's appeals and those who conducted the security tests, were not so protected. (No. 2:17-cv-1402 KJM DB P, ECF No. 102.) The defendants remaining in the case then appealed. (Id., ECF No. 103.) On appeal, they argue that the district court erred in denying them qualified immunity. See Appellants' Mediation Questionnaire, Rico v. Ducart, et al., No. 19-15541 (9th Cir. Mar. 29, 2019). The Rico appeal remains pending in the Ninth Circuit.[2]

Defendants in the present case include high level officials with the Department of Corrections and Rehabilitation, PBSP Warden Ducart, and numerous correctional supervisors and officers. On January 3, 2018, defendants filed a motion to dismiss in which they argue, among other things, that they are entitled to qualified immunity. (ECF No. 154.)

This court finds that the Ninth Circuit's decision in Rico will very likely affect the analysis of the qualified immunity issues in this case. Therefore, a stay of these proceedings may be the best use of the parties' time and judicial resources. This court seeks the parties' positions on the imposition of a stay pending the Ninth Circuit's Rico decision.

Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of this order each party shall file either: (1) a statement that the party finds a stay pending the Rico decision appropriate, or (2) a short memorandum of points and authorities explaining why a stay is not appropriate.

Dated: June 12, 2019

[signature]

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/prisoner-civil rights/suar0340.rico stay

---

[2] The appeal was released from mediation on May 6, 2019. Appellants' opening brief is due July 1, 2019.