UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER CONRAD SUAREZ, | No. 2:18-cv-0340 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREU BEARD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding through counsel with this civil rights action under 42 U.S.C. § 1983, has filed a motion for reconsideration of the court's October 5, 2021 order and judgment thereon granting defendants' motion to lift the stay of this action and dismissing the action on the grounds of qualified immunity. ECF Nos. 117 & 118. The motion is noticed for hearing on this court's regular law and motion calendar on December 17, 2021. Defendants did not file an opposition. Good cause appearing, **the court submits the matter, vacates the hearing, and grants plaintiff's motion for reconsideration.**

I.  BACKGROUND

By this action, plaintiff claims that defendants' operation of the Guard One Security Check system, implemented in specific units in California's prisons as a suicide prevention measure, has caused him to suffer sleep deprivation in violation of his rights under the Eighth

1

Amendment.[1] This action proceeded on plaintiff's second amended complaint, filed November 17, 2017, in which he sought both money damages and injunctive and declaratory relief. ECF No. 53 at 26.

On January 3, 2018, defendants filed a motion to dismiss. ECF No. 58. On June 28, 2019, defendants filed a motion to stay this action pending disposition of an appeal in a related action. ECF No. 90. On September 20, 2019, the magistrate judge issued findings and recommendations recommending defendants' motion to dismiss be granted in part, denied in part, and stayed in part. ECF No. 98. In relevant part, the magistrate judge recommended dismissal of plaintiff's claims for injunctive relief on the ground that the claims were mooted by plaintiff's transfer from Pelican Bay State Prison (PBSP), where he was incarcerated when this action was filed, and that the "capable of repetition yet evading review" exception to the mootness doctrine did not apply because plaintiff had not shown a "'reasonable expectation' that he will be reincarcerated in the PBSB SHU (Security Housing Unit) or ASU (Administrative Segregation Unit)" or that, if incarcerated in a different SHU or ASU, that he would "be subjected to the same alleged misuses of the Guard One system complained of in the present case." ECF No. 98 at 8, 9. Both parties filed objections to the findings and recommendations and responses to each other's objections. ECF Nos. 102, 103, 106, 107.

On March 31, 2021, this court stayed the action pending resolution of a motion for rehearing en banc in the related case, *Rico v. Ducart*, Ninth Circuit Court of Appeals No. 19-15541 (March 25, 2019). ECF No. 112. On May 11, 2021, following denial of the petition for rehearing in *Rico* and consistent with this court's March 31, 2021 order, defendants filed a motion to lift the stay and dismiss this action on grounds of qualified immunity. ECF No. 114. On

---

[1] This action was initially filed in the United States District Court for the Northern District of California. It was transferred to this court in February 2018, ECF Nos. 65, 67, and related to other cases challenging implementation and operation of the Guard One System. ECF No. 74.

October 5, 2021, the court granted defendants' motion, ECF No. 117, and judgment was entered, ECF No. 118.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of the court's October 5, 2021 order specifically dismissing his claims for injunctive relief. Plaintiff asks the court to vacate the dismissal of those claims and to resolve the status of the claims for injunctive relief by ruling on the magistrate judge's findings and recommendations as to those claims and the parties' objections thereto.

## III. ANALYSIS

The qualified immunity defense does not apply to plaintiff's claims for injunctive relief. *See Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013) (quoting *Vance v. Barrett*, 345 F.3d 1083, 1091 n.10 (9th Cir. 2003)). For this reason, plaintiff's motion for reconsideration of the dismissal of his claims for injunctive relief will be granted and the dismissal of those claims will be set aside.

The recommendation that plaintiff's claims for injunctive relief be dismissed as moot was made over two years ago and, while stayed, this action remained pending for most of that two-year period. In the interests of justice, plaintiff will be given thirty days to tender evidence, if any he has, whether in the intervening two years he has been subject to the conditions complained of in his second amended complaint and, as appropriate, either a motion for voluntary dismissal of his claims for injunctive relief or a motion to amend his complaint.

## IV. CONCLUSION

1. Plaintiff's motion for reconsideration is GRANTED;

2. The October 5, 2021 dismissal of plaintiff's claims for injunctive relief, ECF No. 117, and the judgment thereon, ECF No. 118, are VACATED; and

3. Plaintiff is granted thirty days from the date of this order to make a further filing as allowed by this order.

IT IS SO ORDERED.

This order resolves ECF No. 119.

DATED: December 9, 2021.

CHIEF UNITED STATES DISTRICT JUDGE