1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAHER CONRAD SUAREZ,                        No. 2:18-cv-0340 KJM DB P

12                    Plaintiff,

13           v.                                   ORDER

14    JEFFREU BEARD, et al.,

15                    Defendants.

16

17

18           Plaintiff is a state prisoner proceeding through counsel with this civil rights action under

19    42 U.S.C. § 1983.  This matter is before the court on plaintiff's January 10, 2022 motion to

20    amend the complaint or, in the alternative, for a ruling on his pending objections to the magistrate

21    judge's recommended dismissal of his claims for injunctive and declaratory relief.  ECF No. 122.

22    Defendants oppose the motion.  ECF No. 123.  For the reasons explained in this order plaintiff's

23    motion is denied and this action is dismissed as moot.

24    I.     BACKGROUND

25           By this action, plaintiff claims that defendants' operation of the Guard One Security

26    Check system, implemented in specific units in California's prisons as a suicide prevention

27    measure, has caused him to suffer sleep deprivation in violation of his rights under the Eighth

28

                                                     1

1    Amendment.[1]  This action is proceeding on plaintiff's second amended complaint, filed

2    November 17, 2017, in which he sought both money damages and injunctive and declaratory

3    relief.  ECF No. 53 at 26.

4        On January 3, 2018, defendants filed a motion to dismiss.  ECF No. 58.  On June 28,

5    2019, defendants filed a motion to stay this action pending disposition of an appeal in a related

6    action.  ECF No. 90.  On September 20, 2019, the magistrate judge issued findings and

7    recommendations recommending defendants' motion to dismiss be granted in part, denied in part,

8    and stayed in part.  ECF No. 98.  In relevant part, the magistrate judge recommended dismissal of

9    plaintiff's claims for injunctive relief on the ground that the claims were mooted by plaintiff's

10   transfer from Pelican Bay State Prison (PBSP), where he was incarcerated when this action was

11   filed, and that the "capable of repetition yet evading review" exception to the mootness doctrine

12   did not apply because plaintiff had not shown a "'reasonable expectation' that he will be

13   reincarcerated in the PBSB SHU (Security Housing Unit) or ASU (Administrative Segregation

14   Unit)" or that, if incarcerated in a different SHU or ASU, that he would "be subjected to the same

15   alleged misuses of the Guard One system complained of in the present case."  ECF No. 98 at 8, 9.

16   Both parties filed objections to the findings and recommendations and responses to each other's

17   objections.  ECF Nos. 102, 103, 106, 107.

18       On March 31, 2021, this court stayed the action pending resolution of a motion for

19   rehearing en banc in the related case, *Rico v. Ducart*, Court of Appeals No. 19-15541.  ECF No.

20   112.  On May 11, 2021, following denial of the petition for rehearing in *Rico* and consistent with

21   the court's March 31, 2021 order, defendants filed a motion to lift the stay and dismiss this action

22   on grounds of qualified immunity.  ECF No. 114.  On October 5, 2021, the court granted

23   defendants' motion, ECF No. 117, and entered judgment, ECF No. 118.

24

25       [1]  Plaintiff initially filed this action in the United States District Court for the Northern
     District of California, which transferred the matter to this court in February 2018.  ECF Nos. 65,
26   67.  This court related it to other cases challenging implementation and operation of the Guard
     One System.  ECF No. 74.

27

28

1    On November 2, 2021, plaintiff filed a motion for reconsideration of the entry of

2    judgment as to his claims for injunctive and declaratory relief.  ECF No. 119.  The court granted

3    plaintiff's motion and gave him "thirty days to tender evidence, if any he has, whether in the

4    intervening two years he has been subject to the conditions complained of in his second amended

5    complaint and, as appropriate, either a motion for voluntary dismissal of his claims for injunctive

6    relief or a motion to amend his complaint."  December 9, 2021 Order, ECF No. 120, at 3.

7    On January 10, 2022, plaintiff filed the instant motion.  Defendants filed their opposition

8    on January 26, 2022.  On March 14, 2023 and March 23, 2023, as required by court order, ECF

9    No. 133, the parties filed supplemental briefing addressing the effect, if any, of the December 6,

10   2022 decision of the United States Court of Appeals for the Ninth Circuit in *Rico v. Ducart*, No.

11   21-168880, on plaintiff's pending motion.  ECF Nos. 134 (defendants' supplemental brief), 135

12   (plaintiff's supplemental brief).

13   II.   LEGAL STANDARDS

14        A.   Leave to Amend

15   Because defendants oppose plaintiff's motion to amend, plaintiff may only amend his

16   complaint with leave of court.  *See* Fed. R. Civ. P. 15(a)(2).  While "leave to amend should be

17   given freely" the court may deny amendment where "amendment would be futile."  *Cervantes v.*

18   *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (internal citation omitted).

19        B.   Review of Magistrate Judge Findings and Recommendations

20   The court reviews *de novo* the parts of findings and recommendations to which objections

21   are made.  28 U.S.C. § 636(b)(1).  The court "may accept, reject, or modify, in whole or in part,

22   the findings and recommendations made by the magistrate judge."  *Id*.

23        C.   Mootness Standards

24        "Article III of the Constitution limits federal-court jurisdiction to
         'cases' and 'controversies.' " *Campbell–Ewald Co. v. Gomez*, __
25       U.S. __, 136 S.Ct. 663, 669, 193 L.Ed.2d 571 (2016). Thus, "[t]o
         qualify as a case fit for federal-court adjudication, an actual
26       controversy must be extant at all stages of review, not merely at the
         time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554
27       U.S. 724, 732–33, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008)
         (internal quotation marks omitted). An exception exists, however,
28       for controversies that are "capable of repetition, yet evading

                                    3

review." *Kingdomware Techs., Inc. v. United States*, __ U.S. __, 136 S.Ct. 1969, 1976, 195 L.Ed.2d 334 (2016). "That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal quotation marks and brackets omitted).

*Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018). The first prong of the "capable of repetition, yet evading review" doctrine requires that the controversy "be of 'inherently limited duration.'" *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014). This is because "the 'capable of repetition, yet evading review' exception is concerned not with particular lawsuits, but with classes of cases that, absent an exception, would *always* evade judicial review." *Id.* (emphasis in original). In analyzing the second prong, the court assumes "'that [litigants] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct.'" *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1541 (2018) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974).

III.     ANALYSIS

The sole issue presented by both plaintiff's motion to amend and his objections to the magistrate judge's findings and recommendations is whether his claims for declaratory and injunctive relief fall within the "capable of repetition yet evading review" exception to the mootness doctrine. The record shows plaintiff is serving a sentence of life without possibility of parole. Plaintiff is currently housed at California State Prison, Solano[2] and is no longer at Pelican Bay State Prison, where he was when this action was filed. Plaintiff's March 23, 2023 supplemental brief suggests plaintiff has not been subjected to Guard Once since May 2018, when he was placed in administrative segregation for six weeks. *See* ECF No. 135 at 2. Most significantly, on August 2, 2022, in *Coleman v. Newsom*, Case No. 90-0520 KJM DB P, this court approved a settlement agreement between plaintiff-intervenor Christopher Lipsey and the California Department of Corrections and Rehabilitation (CDCR) that effected several changes to CDCR's use of the Guard One system. *Coleman v. Newsom*, Case No. 90-0520 KJM DB P, ECF

---

[2] https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=V82078 (last visited April 21, 2023).

No. 7597.[3]  In particular, the settlement agreement requires CDCR to implement the following

measures systemwide in all units where Guard One is used:

> a. Provide earplugs to all persons housed in a segregated housing unit where they are subject to welfare checks, without cost to these persons, as part of their weekly supplies.
>
> b. Issue a memorandum reiterating that, during security/welfare checks, Guard One pipes are used only in silent mode during first watch; that the Guard One pipe-button contact be performed without banging or unnecessary noise; and that officers take all steps necessary and appropriate to mitigate noise caused by officers' gear during their first watch rounds.
>
> c. Conduct and document systemwide training to appropriate custody officers and supervisors on the performance of welfare checks, including but not limited to compliance with the policies in Paragraph 13.b above.
>
> d. Ensure that housing unit custody supervisors are also trained on the expectations for security and welfare checks, including the expectation that they monitor their officers' conduct during security and welfare checks. The Special Master will monitor first watch welfare checks as appropriate, including with regard to the requirements in Paragraph 13.b above.
>
> e. Investigate the remaining usable life of CDCR's Guard One equipment and software as well as current repair costs associated with the system in order to gauge when a replacement will be necessary, and report the results to Plaintiffs' Counsel and the Special Master.
>
> f. Investigate whether the Guard One report printouts can confirm whether a silent pipe was used for the checks, or whether a printout can be developed that so confirms.
>
> g. Review the location of the Guard One buttons to determine which buttons can be moved to minimize noise produced while still providing for accurate welfare check confirmation.

*Id*. at 9.   The settlement agreement, which the parties fully executed on July 15, 2022,

provides for its implementation within ninety days of execution, "barring any reasonable

delays." *Id*. at 10, 15-16.  The court has not been notified of any delay in implementation.

---

[3] The court takes judicial notice of this settlement agreement under Federal Rule of Evidence 201. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1    The settlement agreement provides for material changes in the administration of Guard

2    One in CDCR's segregation units, particularly through the provision of ear plugs to inmates

3    housed in these units and reinforcement of procedures for noise mitigation.  These provisions

4    were not in effect when plaintiff filed this action or when he was last in administrative

5    segregation.  Therefore, even if  he could show the possibility of future placement in

6    administrative segregation for non-disciplinary reasons and that such possibility warranted

7    application of the "capable of repetition yet evading review" exception to mootness, *see Rico v.*

8    *Robertson*, 2022 WL 17424331, slip op. at 2 (9th Cir. 2022), a finding this court need not make,

9    plaintiff cannot in the future be subjected to Guard One in the same way in which he has been

10    subjected to it in the past.

11    IV.    CONCLUSION

12    For the foregoing reason, this action is moot and any attempt to further amend the

13    complaint is futile.

14    In accordance with the above, IT IS HEREBY ORDERED that:

15    1.    Plaintiff's January 10, 2022 motion to amend is DENIED;

16    2.    The unopposed September 13, 2022 motion to dismiss defendant Melton is

17    GRANTED:

18    3.    Plaintiff's claims for declaratory and injunctive relief are DISMISSED as

19    moot; and

20    4.    The Clerk of the Court is directed to enter judgment and close this case.

21    DATED:  April 24, 2023.

22

23    _____
CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28